UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHRISTY PRIFOGLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-CV-176 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| THE GOODYEAR TIRE AND RUBBER | ) | |
| COMPANY d/b/a GOODYEAR AUTO | ) | |
| SERVICE CENTER # 2138, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

This case arises out of Plaintiff Christy Prifogle's ("Plaintiff") complaint filed against Defendant Goodyear Tire and Rubber Company ("Defendant") (Court File No. 1). Plaintiff also has a pending Chapter 7 bankruptcy action filed in the United States Bankruptcy Court for the Eastern District of Tennessee. In response to Plaintiff's complaint, Defendant filed a motion for judgment on the pleadings (Court File No. 15). Movant Thomas E. Ray (or the "Trustee"), as appointed trustee of Plaintiff's bankruptcy estate, subsequently filed a motion to intervene in this action (Court File No. 18), which Defendant initially opposed (Court File No. 22), a motion for an extension of time to reply to the motion for judgment on the pleadings (Court File No. 19), and a motion to stay the proceedings (Court File No. 24).

Now before the Court is a joint motion filed by the Trustee and Defendant to substitute the Trustee as the real party in interest and to dismiss this action with prejudice (Court File No. 25). For the following reasons, the Court will **GRANT** the Trustee and Defendant's motion to substitute a party and to dismiss this action with prejudice (*id.*). All of the other motions will be **DENIED AS MOOT** (Court File Nos. 15, 18, 19, 24).

## I. BACKGROUND

On June 29, 2010, Plaintiff filed this action against Defendant, alleging that Defendant violated the Equal Pay Act during the course of Plaintiff's employment with Defendant (Court File No. 1). On July 12, 2010, Plaintiff filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Tennessee (Court File No. 18). Movant Thomas E. Ray was appointed as trustee in Plaintiff's bankruptcy proceedings (*id.*). According to Defendant and the Trustee, Plaintiff failed to disclose the instant lawsuit as an asset on her bankruptcy petition and schedules, and the Trustee issued a "no asset report, and the Bankruptcy Court granted Plaintiff's discharge" (Court File Nos. 15, 18, 25). As a result, Defendant filed a motion for judgment on the pleadings in this Court on the grounds Plaintiff was judicially estopped from asserting her claims (Court File No. 15). In response, the Trustee filed a Motion to set aside the "No Distribution Report" in the bankruptcy court, and he moved this Court for permission to intervene in this action. (Court File Nos. 18, 24).

While the above-mentioned motions were pending in this Court, Defendant and the Trustee agreed to resolve any and all claims arising out of Plaintiff's employment with Defendant. On January 18, 2011, the Trustee filed a motion in the Bankruptcy Court to approve a proposed settlement and compromise between the Plaintiff's bankruptcy estate and Defendant (*see* Court File No. 25). There were no objections, and the Bankruptcy Court approved the settlement (*id.*).

## II. MOTION TO SUBSTITUTE PARTY

Pursuant to 11 U.SC. § 541(a), Plaintiff's claims in this case are considered to be a part of

her bankruptcy estate. *See e.g., McCarroll v. DeSantis*, No. 2:04-CV-00900, 2006 WL 745180, at *4 (S.D. Ohio March 17, 2006). Because the Trustee is the representative of the bankruptcy estate, he is the real party in interest. *See* Fed. R. Civ. P. 17(a)(1). Indeed, if the Trustee chose not to abandon the claim in bankruptcy court, and therefore allow the claim to revert back to Plaintiff, he may pursue the Plaintiff's claim against Defendant in this Court on behalf of Plaintiff's creditors. *See Bauer v. Commerce Union Bank, Clarksville,* Tennessee, 859 F.2d 438, 440 (6th Cir. 1988); Charboneau *v. Jordan*, 2009 WL 2496936; *see also* 11 U.S.C. § 554.

Here, based on the information provided by the Trustee, it seems he did not abandon this lawsuit as an asset (Court File No. 25). Rather, he filed motion requesting the bankruptcy court approve a settlement, whereby Defendant agreed to pay the Trustee a sum of $3,000.00 for the benefit of Plaintiff's bankruptcy estate (Court File No. 25-1). Therefore, the Trustee remains the real party in interest and has exclusive standing to assert Plaintiff's claims. Accordingly, the Court will **GRANT** the motion to substitute parties (Court File No. 25).

### III. MOTION TO DISMISS

In addition, the Trustee, as real party in interest, and Defendant jointly move for this case to be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41 (Court File No. 25). Plaintiff has expressed no objection to this motion. Because the Court finds this motion to be well-taken, this case will be **DISMISSED** with prejudice upon stipulation of the parties.

### IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** the Trustee and Defendant's motion

to substitute parties and to dismiss this action with prejudice (Court File No. 25). All other motions will be **DENIED AS MOOT** (Court File Nos. 15, 18, 19, 24).

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**